Appellant State of Ohio is appealing the decision of the Licking County Court of Common Pleas that granted Appellee Amy Johnson's motion to suppress. The following facts give rise to this appeal.
On May 14, 1998, members of the Central Ohio Drug Enforcement Task Force received information that Willie Herrington was selling drugs out of a residence located at 328 Hudson Avenue, in Licking County. Based on this information, the officers set up surveillance. Over a period of two days, the officers observed light to medium short term traffic at the residence. The officers also observed traffic from this residence to another residence located at 376 Hudson Avenue. The officers observed, at these residences, Willie Herrington, Annette Pringle, and Toni Delaboin, whom they knew had ties to local drug activity. At that time, the officers did not know the identity of Appellee Johnson.
Based on these observations, Officer Cortright, of the Central Ohio Drug Enforcement Task Force, prepared an affidavit to obtain a search warrant of the premises located at 376 Hudson Avenue.[1] After obtaining the search warrant, the officers effectuated a traffic stop to attempt to confirm their suspicions regarding possible drug activity. Following the traffic stop, the officers decided to immediately execute the search warrant. While approaching the residence at 376 Hudson Avenue, the officers observed appellee and Mr. Herrington proceeding down a breeze way to the parking area at the rear of the residence.
The officers ordered appellee to the ground, searched her for weapons, handcuffed her and placed her in the rear of the police van. The officers proceeded to search the residence. The officers discovered no drugs, however, drug residue did appear to be present. Following completion of the search, the officers escorted appellee to the residence being searched where she waited for approximately thirty minutes. During this time, a female officer conducted a full body search of appellee. While conducting the search, the officer discovered drugs hidden under appellee's breast.
On May 22, 1998, the Licking County Grand Jury indicted appellee on one count of possession of drugs. On July 17, 1998, appellee filed a motion to suppress. The trial court conducted a hearing on appellee's motion on August 3, 1998. The trial court granted appellee's motion on August 10, 1998, finding the affidavit of Officer Cortright contained no specific, reliable information to provide independent probable cause to search appellee. The trial court also found independent probable cause did not develop during the execution of the search warrant which would have justified the search of appellee.
Appellant State of Ohio timely filed a notice of appeal and sets forth the following assignment of error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUPPRESSING THE STATE'S EVIDENCE WHERE A SEARCH WARRANT AUTHORIZED THE SEARCH OF "ALL SUBJECTS" ON A PARTICULAR PREMISES.
 I
Appellant State of Ohio argues the trial court improperly assumed that probable cause must exist that is specific to each person found on the premises during the execution of the search warrant, including appellee. The state also maintains the trial court did not give the issuing judge the deference to be accorded that judge's decision. Finally, the state contends the trial court did not give the executing officers the benefit of their good faith reliance upon a facially valid search warrant as required by U.S. v. Leon (1984), 468 U.S. 897 and State v.Wilmoth (1986), 22 Ohio St.3d 251.
We find the real issue in this case is whether the "all persons" provision of the warrant was improperly applied to appellee. In granting appellee's motion to suppress, the trial court relied on this court's decision in State v. Lallathin
(Aug. 26, 1996), Licking App. No. 95 Ca 118, unreported. The trial court did not have the benefit of the Ohio Supreme Court's recent opinion of State v. Kinney (1998) 83 Ohio St.3d 85
at the time it granted appellee's motion to suppress. However, we take this opportunity to address our decision, inLallathin, in light of the Kinney decision, and apply theKinney decision to the facts of the case sub judice.
The State of Ohio alleges, in its sole assignment of error, the trial court failed to apply the appropriate test or correct law to the findings of fact. Under this type of challenge, as an appellate court, we can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. The trial court granted appellee's motion to suppress on the authority of the Lallathin case. In Lallathin,
this court took the opportunity to further clarify the previous decision of State v. Wright (Dec. 5, 1994), Stark App. No. CA-94-0139, unreported. In Wright, we upheld a Terry search of an individual who was present on the premises of a residence while a search warrant was being executed. The warrant, in theWright case, permitted the officers to search "occupants [and] visitors at the residence." We upheld the search of the appellant, in Wright, on the basis of Terry v. Ohio (1968),392 U.S. 1, and stated, in dicta:
 Further, the authority of the signed search warrant permitting the search of all persons entering also validated the stop of appellant. Wright at 4.
In Lallathin, we stated: "[T]o the extent that Wright has been interpreted to stand for the proposition that 'all persons present' warrants justify a full search of any individual found on the premises during the execution of a search warrant, we expressly clarify herein that portion of Wright." Lallathin at 6. We proceeded to find that the mere fact that a magistrate issues an "all persons present" warrant does not end the analysis. Id. Instead, we held that:
 * * * to justify a full search of any individual found on the premises when a search warrant is being executed, officers must either 1) have specific, reliable information as contained within the affidavit(s) in support of the search warrant to demonstrate probable cause to search the person of those found present on the premises in addition to that information necessary to demonstrate probable cause to search said premises, or 2) present evidence of facts which develop during the execution of the search warrant to independently justify the search of the person. Id.
In light of the Ohio Supreme Court's decision inKinney, we find our decision in Lallathin modified. Kinney
explains that to support the validity of an "all persons" warrant, we must address whether the particular facts described in an affidavit in support of the issuance of an "all persons" search warrant supports the use of this type of warrant. Kinney
at 94. "A search warrant authorizing the search of 'all persons' on a particular premises does not violate the Fourth Amendment requirement of particularity if the supporting affidavit shows probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant." Id. at syllabus.
Our decision in Lallathin required probable cause as to each person found on the premises. For an "all persons" warrant, this probable cause must be established at the time the search warrant is issued. It is not necessary to again establish probable cause during the execution of the "all persons" search warrant. The Kinney decision further required that the probable cause establish that each person, on the premises at the time of the search, would be in possession of evidence of the kind sought in the warrant.
We do not read Kinney to require that probable cause be established as to each individual on the premises, but rather probable cause be established as to the collective group of persons expected to be encountered at the time of the execution of the search warrant.
The Court, in Kinney, did not discuss the second prong we set forth in Lallathin concerning facts which develop during the execution of the search warrant to independently justify the search of a person. However, we believe this prong remains a valid basis to search a person found on the premises during the execution of an "all persons" search warrant because it is based on independent observations made by an officer during the execution of a search warrant and does not rely on the "all persons" provision of the search warrant. We also believe theKinney decision in no way limits an officer's right to conduct a Terry pat-down search for weapons if the officer reasonably believes a person present on the premises to be searched may be armed.
In applying the above standard, the Ohio Supreme Court adopted guidelines set forth by the New York Court of Appeals in People v. Nieves (1975), 36 N.Y.2d 396, 369 N.Y.S.2d 50,330 N.E.2d 26. The Court commented that the following guidelines are "* * * helpful for making probable cause determinations on an 'all persons' warrant." Kinney at 95. These guidelines provide that an application for an "all persons" warrant must contain the following:
 1. A careful delineation of the character of the premises (i.e. its location, size, the particular area to be searched, means of access, neighborhood, its public or private character and any other relevant fact.
 2. A specific description of the nature of the illegal activity believed to be conducted at the location, including the number and behavior of persons observed to have been present during the times of day or night when the warrant is sought to be executed.
 3. A statement as to whether any person apparently unconnected with the illegal activity has been seen at the premises. Id., citing Nieves at 36 N.Y.2d at 404-405, 369 N.Y.S.2d at 60-61, 330 N.E.2d at 34.
The New York Court of Appeals also explained that "[t]he warrant itself must also limit the locus of the search to the area in which the criminal activity is believed to be confined and, according to the circumstances, may also specify the time for the search." Id.
In determining the reasonableness of a particular warrant application, it is appropriate to consider the following:
 1. The necessity for this type of search (i.e. the nature and importance of the crime suspected);
2. The purpose of the search;
 3. The difficulty of a more specific description of the persons to be searched. Id.
The court also stated that "[t]he risk that an innocent person may be swept up in a dragnet and searched must be carefully weighed." Id.
In the case sub judice, Officer Cortright's affidavit provides the street address of the residence to be searched. The affidavit does not describe the character of the premises nor does it describe its size, the particular area to be searched, means of access, neighborhood or its public or private character. However, because the address contains an apartment number, we can assume this was a small, private residence. The affidavit does state that the suspected nature of the illegal activity was trafficking in drugs and drug abuse.
Officer Cortright does not testify to the number of persons observed at the premises during the evening hours when the officers sought to execute the warrant. The affidavit does contain information regarding Willie Herrington, Toni Delaboin and Annette Pringle. However, there is no mention as to the actual number of persons observed frequenting the two residences under surveillance. Finally, we also note the affidavit does not state whether Officer Cortright observed any person(s) apparently unconnected with the suspected drug activity present on the premises. However, because the search was going to be conducted at night, the magistrate could have logically concluded that there was no possibility that innocent people would be present in the apartment at the time of the search.
As in the Kinney case, we find that what makes the existence of probable cause a close question is the absence of any language in the affidavit indicating "whether any person apparently unconnected with the illegal activity has been seen at the premises." Nieves, 36 N.Y.2d at 405, 369 N.Y.S.2d at 60,330 N.E.2d at 34. We agree with the Ohio Supreme Court's conclusion that even where there is no express indication that innocent people would not likely be on the search premises, magistrates ought to be permitted to make common-sense inferences supported by other evidence in the affidavits.Kinney at 96. Based on the facts set forth above, we find there was a substantial basis for the magistrate's determination of probable cause since we are required to give deference to the probable cause determination of the issuing magistrate. Statev. George at paragraph two of the syllabus.
Therefore, under the guidelines contained in Kinney, we find the trial court erred at law and improperly granted appellee's motion to suppress.
Appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, P. J., Farmer, J., concurs.
Hoffman, J., concurs separately.
-----------------------
-----------------------
 ----------------------- JUDGES
[1] For unknown reason, Officer Cortright did not sign the affidavit in support of the search warrant. However, this is not an issue on appeal.